UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN L. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:11-cv-0043-JMS-MJD |
| | ) |
| LT. S. LOVETT, | ) |
| | ) |
| Defendant. | ) |

**Entry Denying Motion for Summary Judgment
and Directing Further Proceedings**

For the reasons explained in this Entry, the defendant's motion for summary judgment must be **denied** and further proceedings will be directed.

### I. Motion for Summary Judgment

**A. Background**

This is a civil rights action in which John L. Williams claims that the defendant Lt. S. Lovett violated Williams' federally secured rights at Federal Correctional Complex in Terre Haute, Indiana. Lt. Lovett asserts as an affirmative defense that Williams failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act prior to filing this action. This defense is presented through Lt. Lovett's motion for summary judgment, to which Williams has filed a response.

**B. Legal Standards**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

In acting on a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996).

The substantive law applicable to the motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532 (citation omitted). "[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 212 (2007).

The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* When a prisoner has failed to exhaust administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Jones,* 549 U.S. at 223–24.

C.  **Material Facts**

The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Williams as the non-moving party. See *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Plaintiff Williams is a federal inmate currently incarcerated at the Federal Correctional Institution at Tucson, Arizona. At all times relevant to the instant action, Williams was incarcerated at the Federal Correctional Complex at Terre Haute, Indiana.

The Bureau of Prisons ("BOP") has promulgated an administrative remedy system under which a federal inmate may seek review of a complaint related to any aspect of his imprisonment. *See* 28 C.F.R. § 542.10 et seq. and BOP Program Statement 1330.16, Administrative Remedy Procedure for Inmates. To initiate the administrative procedure process, the inmate first files an informal remedy request ("BP-8"). See 28 C.F.R. § 542.13. If the inmate's grievance cannot be resolved informally, the inmate may then initiate the formal administrative remedy process. *Id.*

To exhaust his available administrative remedies, the inmate must first address his complaint (BP-9) to the institution's Warden. 28 C.F.R. § 542.10 et seq. If not satisfied with the Warden's response to the BP-9, the inmate may appeal ("BP-10") to the BOP's regional Director. *Id.* If not satisfied with the response of the Regional Director, the inmate may appeal ("BP-11") to the BOP's General Counsel ("Central Office"). *Id.* Once an inmate who has properly addressed his complaint to each level of review receives a response from the General Counsel, he has exhausted his administrative remedies with respect to the issue raised in his remedy request. *Id.* The inmate may, at the completion of this process, file a civil action if dissatisfied with the General Counsel's response. *Id.*

Administrative remedy filing procedures are outlined in an Inmate Information Handbook which is provided to all inmates upon initial intake at FCC Terre Haute. All BOP Program Statements, including BOP Program Statement 1330.16, Administrative Remedy Program for Inmates, are available to inmates via the institution's law library. Inmate administrative remedy requests are entered into and tracked by SENTRY, the database system utilized by the BOP.

On January 3, 2011, Williams attempted to informally resolve his complaint regarding Lt. Lovett's alleged misconduct. This attempt is recorded in the response of Williams' counselor.

On January 14, 2011, Williams filed a BP-9 (remedy number 622478-F1) at the institution level alleging "Claims Staff Misconduct." Williams' BP-9 was closed (denied) with explanation on January 25, 2011.

Williams filed a BP-10 (remedy number 627354-R1) at the regional level on February 7, 2011, alleging complaints against institution staff. This appeal was rejected on February 22, 2011, for three reasons, viz., *first,* because Williams did not attempt informal resolution prior to submission of the administrative remedy or did not provide necessary evidence of his attempt at informal resolution, *second,* because Williams did not file a BP-9 request before filing his appeal, and *third,* the issue raised was not sensitive.

Prior to Williams' transfer from the Terre Haute facility, he handed a BP-11 to an institutional staff member to mail out.

The BP-8, BP-9, BP-10 and BP-11 submitted by Williams were all about the same incident and the same complaint. BOP records reflect that Williams, during his entire period of imprisonment in Bureau facilities, has never completed the exhaustion requirements with respect to any administrative complaint he initiated.

## D. Analysis

Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp,* 458 F.3d 678, 684 (7th Cir. 2006). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The facts construed in a fashion most favorable to Williams as the non-movant raise a material question of fact regarding whether he was thwarted in his attempt to use the grievance system.

Specifically, there are three material questions of fact. The first question of fact is whether Williams pursued the January 25, 2011, denial of the BP-9 (remedy number 622478-F1) past the institutional level; and specifically, whether the BP-10 (remedy number 627354-R1) was—or should have been understood by the prison as—the appeal of the January 25, 2011, denial. The second question of fact is whether Williams handed a BP-11 to an institutional staff member to mail out. The third question of fact is whether the BP-8, BP-9, BP-10 and BP-11 allegedly submitted by Williams all dealt with the same incident.

Lt. Lovett has failed to show that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law on the issue of whether Williams exhausted his available administrative remedies. Accordingly, the motion for summary judgment [25] is **denied.**

## II. Further Proceedings

The defendant shall have **through July 16, 2012,** in which to either abandon his affirmative defense regarding exhaustion of administrative remedies or to request a hearing to resolve the factual disputes detailed above.

**IT IS SO ORDERED.**

Date: 06/22/2012

*Signature: Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN L. WILLIAMS
20194-045
USP TUSCON
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734

All Electronically Registered Counsel