# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOHN L. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:11-cv-0043-JMS-MJD |
| | ) | |
| LT. S. LOVETT, | ) | |
| | ) | |
| Defendant. | ) | |

### Entry Discussing Affirmative Defense of Failure
### to Exhaust Available Administrative Remedies

### I. Background

This is a civil rights action brought by John Williams against correctional officer Lt. Lovett at the United States Penitentiary Terre Haute (USPTH), a prison operated by the Bureau of Prisons (BOP). Lovett has presented as an affirmative defense his contention that Williams failed to comply with the exhaustion requirement of the Prison Litigation Reform Act (PLRA) prior to filing this action. The Court denied Lovett's motion for summary judgment based on Williams' failure to exhaust his available administrative remedies.

The Court held a hearing on March 12, 2013, pertaining to the exhaustion defense. The parameters of the hearing were established by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). The plaintiff was present in person by videoconference. The defendant was present by counsel. Evidence, including testimony, was submitted. In addition to evidence presented during the hearing, the Court has considered the evidence presented in support of and opposition to the motion for summary judgment.

The burden of proof as to this defense rests on the defendant. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)). For the reasons explained in this Entry, the court finds that Lovett has met his burden of proof. His affirmative defense that Williams failed to comply with the exhaustion requirement of the PLRA is therefore **sustained** and this action will be **dismissed.**

## II. Discussion

A. *The Exhaustion Requirement*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). AProper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.@ *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale,* 376 F.3d at 655 ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole,* 438 F.3d at 809. "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Id.*

B. *Williams' Use of the Exhaustion Process*

Based on the evidence and testimony, the Court finds the following with respect to Williams' attempt to use the administrative remedy process.

The BOP has an administrative remedy process for inmates. Williams understood this grievance process. He received a handbook and orientation that described the process. He also received instruction in the process from his correctional counselor.

Pursuant to the BOP's grievance process, an inmate must start with an informal resolution request, which is referred to as a BP-8. If the inmate is dissatisfied with the response to his BP-8, he may file a BP-9 form with the Warden. That BP-9 must be accompanied by a copy of the inmate's BP-8. The BP-9 is given a number and is logged into the institution's SENTRY database. If the inmate is dissatisfied with the Warden's response to his BP-9, the inmate may file a BP-10 with the Regional Director. The BP-10 must be accompanied by a copy of the BP-8 and the BP-9. The BP-10 will be assigned a remedy number that corresponds to the number of the BP-9. If the inmate is dissatisfied with the Regional Director's response, he may file a BP-11 with the General Counsel. Once the inmate receives a response from the General Counsel, all levels have been exhausted.

With respect to the incident he complains of in his complaint, Williams filed a number of administrative remedy requests. On January 3, 2011, Williams submitted a BP-8 informal resolution form. On January 14, 2011, Williams filed a BP-9, at the institution level. This BP-9 was assigned remedy number 622478-F1. On January 25, 2011, Williams' BP-9 was closed with explanation. On February 7, 2011, Williams filed a BP-10 with the Regional Director. This BP-10 was assigned remedy number 627354-R1. Williams' BP-10 was rejected on February 22, 2011, for three reasons: (1) Williams did not show that he attempted informal resolution prior to submission of the administrative remedy, (2) Williams did not file a BP-9 request before filing his appeal, and (3) the issue raised was not sensitive. Stated another way, Williams' BP-10 was rejected because the Regional reviewer concluded that Williams was attempting to address his complaint for the first time at the BP-10 level, bypassing the BP-8 and BP-9 levels. If Williams had included copies of his related BP-8 and BP-9 remedy requests with his BP-10, as required by the grievance policy, then the BP-10 filed on February 7, 2011 would have been recognized as an appeal of BP-9 remedy number 622478-F1 and would have been given a corresponding grievance number.

While Williams argued the Court should infer that he did file the relevant BP-8 and BP-9 with the BP-10, the Court finds such inference is unsupported by the evidence. The BP-10 response clearly articulates no other forms were included. And the Court finds it significant that when asked directly whether he included the forms with his BP-10, Williams testimony became speculative as opposed to certain, which was in contrast to his earlier testimony. He stated that he would have included the BP-8 and BP-10 and is "almost certain" that he did so.

Williams also testified as to a specific recollection that after he received the rejection of his BP-10, he completed a BP-11 and handed it to Correctional Officer Jennifer Cox to mail for him. Officer Cox does not remember Williams handing her this mail. There is no record of this BP-11. When asked about its contents, Williams referenced the substantive complaint that was contained in the earlier grievances. He did not, however, mention anything about protesting the BP-10 response which, according to Williams, would have been wrong in claiming the BP-8 and BP-9 were missing. The Court finds this omission significant as well.

Having weighed the conflicting evidence concerning what Williams did to utilize the administrative remedies process, the Court credits the testimony and evidence presented by the defendant that the administrative grievance policy requires inmates to provide copies of their BP-8 and BP-9 administrative remedy requests when filing a BP-10 and that if those copies are provided, the BP-10 is given an administrative remedy number that corresponds to the number given to the BP-9. Without those copies, the Regional Director has little way of knowing that a BP-10 relates to a previously-filed BP-9, or what the responses were at the earlier levels. In this case, the Court finds that no such copies were received with

Williams' BP-10. Because Williams did not follow BOP procedure when filing the BP-10, he failed to exhaust his administrative remedies. The Court does not make a determination regarding whether or not he submitted a BP-11.

### III. Conclusion

Here, by failing to include copies of the BP-8 and BP-9 when he filed his BP-10, Williams did not fully comply with the requirements of the grievance policy. He therefore failed to exhaust his available administrative remedies. *See Woodford*, 548 U.S. 81, 90-91 (2006); *see also Dale*, 376 F.3d at 655.

Under these circumstances, the defendant has proven his affirmative defense. The Court finds that Williams failed to exhaust his available administrative remedies with respect his claims in his complaint.

Accordingly, the affirmative defense is **sustained** and the case will be **dismissed**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/13/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

All electronically registered counsel

John L. Williams
Fed Reg No. 20194-045
JCDC Master No. 199002099
1300 Cherry Street
Kansas City, MO 64106